THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NATHAN ELLERT, <br><br> Plaintiff, <br><br> v. <br><br> CHRISTIAN RESETARITS AND CHARITY FISHERIES, INC., IN PERSONAM; F/V PATIENCE, OFFICIAL NUMBER 668232, HER ENGINES, MACHINERY, APPURTENANCES AND CARGO, IN REM, <br><br> Defendants. | CASE NO. C20-1088-JCC <br><br> ORDER |

This matter comes before the Court on Plaintiff's motion for additional time to serve the in personam defendants (Dkt. No. 7). Having thoroughly considered the motion and the relevant record, the Court hereby GRANTS the motion.

**I.      BACKGROUND**

Plaintiff Nathan Ellert filed this action on July 15, 2020. (Dkt. No. 1.) He alleges he was employed by Charity Fisheries, Inc. and Christian Resetarits on the F/V Patience to fish the Bristol Bay salmon season during June and July of 2019. (*Id.* at 2.) According to the complaint, he was not given an accounting of the catch or his 10% crew share of the cannery payment following the end of the season. (*Id.*) Plaintiff seeks earned wages; wage penalties; a declaration that he holds claim to a preferred maritime lien against the defendant vessel; and the arrest,

condemnation, and sale of the vessel, among other relief. (*Id.* at 3.)

According to an affidavit from Plaintiff's counsel's paralegal, on July 17, 2020, Plaintiff mailed a waiver of service of summons to the in personam defendants at their known address in Alaska. (Dkt. No. 7-1 at 1.) The defendants did not respond within the 60-day period, which expired on September 15, 2020. (*Id.* at 2.) On September 16, 2020, Plaintiff sent the summons and complaint to ABC Legal for service at the address in Alaska. (*Id.*) The process server in Alaska made five unsuccessful service attempts. (*Id.*) Plaintiff obtained a new service address and provided it to ABC Legal on November 19, 2020. (*Id.*) ABC Legal provided the new address to the sheriff on November 30, 2020. (*Id.*) The Court previously granted Plaintiff's request for a 60-day extension of time to serve the defendants. (*See* Dkt. Nos. 4, 5, 6.) Since service has not yet been accomplished, Plaintiff seeks an additional 60-day extension of time under Federal Rule of Civil Procedure 4(m). (*See generally* Dkt. No. 7.)

**II.    DISCUSSION**

Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Rule 4(m) requires a district court to grant an extension of time to serve a defendant if the plaintiff shows good cause for the delay in service. *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007). This Court need not determine whether Plaintiff has good cause for failing to timely serve defendants because, even in the absence of good cause, a district court has broad discretion to extend the time for service. *Id.* at 1041. "In making extension decisions under Rule 4(m) a district court may consider factors 'like a statute of limitations bar, prejudice to defendant, actual notice of lawsuit, and eventual service.'" *Id.* (quoting *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998)). In *Efaw*, the Ninth Circuit held that a district court erred in

allowing service on a defendant seven years after the complaint was filed given that the length of the delay was extraordinary, the plaintiff offered no reasonable explanation for his seven year failure to serve, and the delay prejudiced the defendant because the memories of all the witnesses had faded and the only eyewitness to the events at issue had passed away. 473 F.3d at 1041.

Having considered the factors identified by the Ninth Circuit, the Court concludes that an extension of time for Mr. Ellert to effectuate service on the defendants is warranted. The facts of this case are a far cry from those in *Efaw*. Compared to the extraordinary delay of seven years in *Efaw*, Plaintiff's delay of 120 days is slight. Further, unlike the plaintiff in *Efaw*, Plaintiff details his ongoing efforts at service. Finally, the extension in this case is unlikely to prejudice the defendants. The complaint is based on events that happened relatively recently—during the summer of 2019—and it is improbable that a several month delay in service will result in a material fading of memories or loss of evidence or otherwise hamper the development of the defendants' case.

### III.   CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion (Dkt. No. 7) and EXTENDS Plaintiff's deadline for effectuating service to February 22, 2021.

DATED this 27th day of January 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE